URSULA UNGARO, UNITED STATES DISTRICT JUDGE
THIS CAUSE comes before the Court upon Defendant's Renewed Motion to Dismiss, or in the Alternative, to Strike Plaintiff's Amended Class Action Complaint and Incorporated Memorandum of Law. D.E. 14.
THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.
I. Background
Unless otherwise indicated, the following facts are taken from Plaintiff's amended complaint. D.E. 11. In this action, Plaintiff brings one count for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. , (the "TCPA"), individually and on behalf of a putative class. Id. Defendant, the owner of massage and spa locations throughout South Florida, engaged in telemarketing by sending, or having a third party send, text messages through an automatic telephone dialing system ("ATDS") to Plaintiff and other cellular subscribers without their prior express written consent. Id. ¶¶ 3-5, 51, 53. The text messages were sent to promote and encourage future purchases of Defendant's goods and services. Id. ¶¶ 37-39, 41.
When Plaintiff received a service at Defendant's location on April 6, 2018, she completed an intake form that included her cellular telephone number. Id. ¶¶ 32-33. On February 12, 2019, Plaintiff received a text message that promoted "Massage Green Spa" and contained a link to Defendant's website that advertised "Valentine's Day Specials" and promoted its spa products. Id. ¶¶ 35-39. At no point in time did Plaintiff provide Defendant with express written consent to be contacted using an ATDS. Id. ¶ 43. Plaintiff claims that the text message caused her actual harm and disrupted her daily life. Id. ¶ 52. Thus, Plaintiff seeks declaratory relief and actual and statutory damages. Id. ¶ 7, 73, Wherefore Clause.
On April 16, 2019, Defendant moved to dismiss or, alternatively, to strike portions of the amended complaint. D.E. 14. Defendant contends that Plaintiff has failed to *1414 state a cause of action upon which relief can be granted because (i) Plaintiff has not sufficiently demonstrated that Defendant, or a third party on its behalf, utilized an ATDS, and (ii) Plaintiff expressly consented to receiving the messages. Alternatively, Defendant moves to strike the request for declaratory relief and the class allegations. On April 30, 2019, Plaintiff filed a response in opposition to the motion. D.E. 16.[1] For the reasons discussed below, the Court concludes that Plaintiff has stated a plausible claim for relief for a violation of the TCPA and will not strike the class allegations at this stage. However, the Court agrees that the request for declaratory relief should be stricken.
II. Legal Standard
In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly , 550 U.S. at 555, 127 S.Ct. 1955 ).
In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly , 550 U.S. at 570, 127 S.Ct. 1955 ). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. Id. at 679, 129 S.Ct. 1937.
In addition, Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See also Brown v. Seebach , 763 F. Supp. 574, 583 (S.D. Fla. 1991).
III. Analysis
A. Failure to State a Claim
To establish a prima facie case under the TCPA, a plaintiff must demonstrate the following: "(1) the defendant made a telephone call either originating in or received in the United States; (2) using an automatic telephone dialing system and/or an artificial or prerecorded voice;
*1415 (3) to a telephone number assigned to, inter alia , a cellular telephone service." Wijesinha v. Bluegreen Vacations Unlimited, Inc. , No. 19-20073-CIV-ALTONAGA/Goodman, 2019 U.S. Dist. LEXIS 57136, at *14 (S.D. Fla. Apr. 3, 2019) (citation omitted); see 47 U.S.C. § 227(b)(1)(A)(iii). Courts have held that "[a] text message to a cellular telephone qualifies as a 'call' within the meaning of the TCPA." Mohamed v. Am. Motor Co., LLC , 320 F.R.D. 301, 308 n. 2 (S.D. Fla. 2017) (citations omitted).
In the motion, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted because she has not sufficiently alleged that Defendant, or a third party on its behalf, used an ATDS. Defendant also contends that Plaintiff expressly consented to receiving messages, including from an ATDS, when she voluntarily gave her cellular telephone number to Defendant as part of their business relationship. In response, Plaintiff asserts that the allegations in the amended complaint are sufficient to survive a motion to dismiss. The Court agrees.
Federal courts have found "the bare allegation a defendant used an ATDS sufficiently states a claim under the TCPA." Wijesinha , 2019 U.S. Dist. LEXIS 57136, at *15 (citations omitted). And whether a system qualifies as an ATDS involves issues of fact that may be raised at summary judgment, after the opportunity to conduct discovery. See id. at *16 (citations omitted); Hindi v. Apt-Ability LLC , No. 18-63008-CIV-DIMITROULEAS, 2019 U.S. Dist. LEXIS 34124, at *3-4 (S.D. Fla. Mar. 4, 2019). Here, the amended complaint contains more than a bare allegation. Accepting the well-pled allegations as true, the Court finds it is plausible that Defendant, or a third-party on its behalf, used an ATDS. Specifically, Plaintiff alleged that the text message does not provide any identifiable characteristic of the intended recipient, is impersonal and generic, and includes an "opt-out" feature. D.E. 11 ¶¶ 45-47. The phone number used by Defendant is a "long code" that enables it to send text messages en masse , while deceiving recipients into believing the message was personalized and sent from an individual. Id. ¶¶ 48-50. Defendant also used systems that allowed text messages to be sent to randomly or sequentially generated numbers without human intervention. Id. ¶ 51. Thus, Plaintiff plausibly alleged this element of its TCPA claim.
Furthermore, telephone calls that otherwise violate the TCPA may nevertheless be lawful if they were made "with the prior express consent of the called party[.]" § 227(b)(1)(A). However, the existence of prior express consent is not an element of a prima facie case, but rather an affirmative defense for which the defendant bears the burden of proof. Gambon v. R & F Enters., Inc. , No. 6:14-cv-403, 2014 U.S. Dist. LEXIS 179125, 2015 WL 64561, at *4 (M.D. Fla. Jan. 5, 2015) (adopting report and recommendation) (citations omitted). Thus, the Court need not address the issue of prior express consent at this juncture. However, taking the factual allegations as true, the Court finds that Plaintiff has plausibly alleged that she did not provide prior express consent. D.E. 11 ¶¶ 43, 70.
B. Class Allegations and Declaratory Relief
Next, Defendant moves to strike Plaintiff's class allegations because the defined class is a fail-safe class which is not ascertainable. At this early stage in litigation, the Court finds a ruling on the merits of the putative class allegations premature. The Court will address arguments regarding the appropriateness of the class definition *1416 at the class certification stage. See Eisenband v. Schumacher Auto., Inc. , No. 18-CV-80911, 2018 WL 7820549, at *3 (S.D. Fla. Oct. 23, 2018) (declining to address argument to strike impermissible fail-safe class in TCPA action until raised at the class-certification stage); Giordano v. Davison Design & Dev., Inc. , No. 13-60248-CIV, 2013 WL 11982356, at *5 (S.D. Fla. July 18, 2013) ("The Court finds Defendant's arguments premature at this stage. The arguments raised in Defendant's motion to strike class allegations are better suited for a response to a formal motion for class certification, if and when one is filed. As there is no factual record, it is not possible at this time to for the Court to determine whether the class certification will ultimately fail.").
In addition, Defendant argues that because Plaintiff has not alleged a likelihood of future injury, she does not have standing to pursue declaratory relief. As such, Defendant moves to strike Plaintiff's request for a declaration that Defendant's practices violate the TCPA. To have standing to obtain declaratory relief, "a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Walden v. Ctrs. for Disease Control and Prevention , 669 F.3d 1277, 1284 (11th Cir. 2012). In the amended complaint, Plaintiff does not assert that any violative conduct since she received the text message in February of 2019. Not only are there no allegations of continuing violations, but there are no allegations of likely future violations. The Court agrees that has Plaintiff has failed to sufficiently allege or demonstrate that she is likely to suffer injury in the future. Therefore, Plaintiff lacks standing to seek declaratory relief. Accordingly, the Court will strike the request for declaratory relief.
Finally, the Court denies Defendant's request for attorney's fees and costs for defending the amended complaint. Defendant has not provided a statutory or contractual basis for an award.
IV. Conclusion
Because Plaintiff has stated a plausible claim for relief for a violation of the TCPA, the Court will not dismiss the amended complaint. In addition, the Court will address arguments regarding the class definition upon a formal motion for class certification. Further, the Court will strike the request for declaratory relief. Accordingly, it is hereby
ORDERED AND ADJUDGED that the Motion (D.E. 14) is GRANTED IN PART AND DENIED IN PART. The Motion is granted only to the extent it asks that the Court strike Plaintiff's request for declaratory relief. The request for declaratory relief in the amended complaint is hereby STRICKEN. The Motion is denied in all other respects. It is further
ORDERED AND ADJUDGED that Defendant SHALL an answer to the amended complaint no later than Friday, June 14, 2019. It is further
ORDERED AND ADJUDGED that Plaintiff shall file her motion for class certification within 30 days of this order, i.e. by no later than July 5, 2019.
DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of June, 2019.

On May 14, 2019, Defendant filed a reply memorandum. D.E. 18. Under Local Rule 7(c)(1), Defendant was required to file the reply memorandum no later than May 7, 2019. Defendant did not seek leave and obtain prior permission of the Court before filing a reply memorandum one week after the deadline. The Court will, therefore, strike Defendant's untimely reply memorandum. D.E. 18. The Parties shall be advised that the Court expects the parties to follow the proper procedures under the federal and local rules for the remainder of this case.